In the Matter of KATHLEEN HURLEY, Appellant, v PHILIP TOIA, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated January 19, 1976, which, after a statutory fair hearing, affirmed a determination of the respondent Commissioner of the Dutchess County Department of Social Services that the petitioner was not entitled to a restaurant allowance for the period February, 1975 to December, 1975, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated September 7, 1976, which dismissed the petition as moot inasmuch as petitioner now resides in a residence equipped with kitchen facilities. Judgment affirmed, without costs or disbursements. The petitioner's request for review of the denial of a restaurant allowance did not become moot when she no longer required such an allowance. Merely because she survived without the additional restaurant allotment does not obviate her right to have received one if she

were so entitled. The petitioner's claim, however, that she was a person unable to prepare meals at home (see 18 NYCRR 352.1 [c]), and therefore was entitled to an additional allotment for such meals is not well taken. We agree with the uncontroverted finding of the State commissioner that "the record establishes that for some time past [petitioner] had been requested to locate a furnished room with kitchen privileges and has failed to do so." Under these circumstances, it was properly determined that the petitioner was not entitled to the restaurant allowance provided for by 18 NYCRR 352.1 (c). Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.